## OTLEY v. WATKINS et al.

(Circuit Court, N. D. Illinois. October 8, 1888.)

PATENTS FOR INVENTIONS—COMPOSITION PATENTS—INFRINGEMENT.

A patent for a composition of matter is not infringed by another composition into which one of the ingredients, named without restriction in complainant's claim, does not enter, though in the specifications the use of such ingredient is stated to be for a particular case only.

In Equity. On motion for preliminary injunction.
D. T. Duncombe, for plaintiff.
West & Bond, for defendants.

BLODGETT, J., (orally.) This case is now before the court upon a motion on the part of the complainant for a preliminary injunction, and also on motion on the part of the defendant to set aside a restraining order entered in the case on the 19th of July last. The defendants are charged by the bill with the infringement of a patent granted to complainant Otley for a cement for stopping steam and water joints. Upon presentation of the bill, the court granted an ex parte order restraining the defendants from the use of the device covered by the patent. The patent is for a composition of matter, and the specifications set out this composition in the following words:

"The ingredients of which my cement is composed and the proportions of each are: Mineral oil, (also commonly known as 'Ohio mud,') 1 part; yellow ocher, 1 part; Paris white, 1 part; plumbago, 1 part; brick dust, 1 part; litharge, 1½ parts. My method of preparing this cement is to unite the hereinbefore mentioned substances in powder form, and in the proportions set forth, in any convenient vessel, and stir the same until thoroughly mixed, and then add a sufficient quantity of boiled linseed oil to render the mass of the consistency of stiff paste. It may then be put up in cans or other suitable receptacles for use. When it is desirable to use the cement upon rough or uneven surfaces, I work into the mass, before applying, a small quantity of fine cut hemp, the amount of which must be left to the judgment of the person using it. This serves to make the particles adhere together more strongly, and also tends to make the cement adhere more firmly to the part to which it may be applied."

And the claim of the patent is:

"The cement for steam joints herein described, consisting of mineral paint, yellow ocher, Paris white, plumbago, brick dust, litharge, combined with fine cut hemp and boiled linseed oil, as herein set forth and described."

The affidavits filed on behalf of the defendants show that the defendants make a steam-fitting cement, in which they use several other ingredients, or different ingredients, from those used by the complainant, or called for by the patent, and the contention on the part of the complainant is that those other ingredients, such as red lead, barytes, etc., which are used in the defendants' composition, are the equivalents of the elements which are used by the complainant. But the defendants, also, by their affidavits, show that they do not use, and never have used, cut

hemp in any form. That being the case, I do not see how the defendants can be charged or held liable for the infringement of this patent, because, while the patentee, in his specifications, states that fine cut hemp is only occasionally used upon uneven joints or surfaces, yet he makes his claim for the combination of the various ingredients named with fine cut hemp and boiled linseed oil, so that it appears to me the complainant has limited himself to a combination in which cut hemp must be used. The law upon the subject, I think, is very well stated by Mr. Walker, in his work on patents, at section 349:

"Omission of one ingredient of a combination covered by any claim of a patent averts any charge of infringement based on that claim. A combination is an entirety. If one of its elements is omitted, the thing claimed disappears. Every part of the combination claimed is conclusively presumed to be material to the combination, and no evidence to the contrary is admissible in any case of alleged infringement. The patentee makes all the parts of a combination material when he claims them in combination, and not separately."

Now, it is not for the court to inquire for the purposes of this case why this complainant saw fit to make cut hemp an essential ingredient of his patent. His cement may be just as useful, and for certain purposes may be even more so, with the cut hemp omitted, but he has taken his patent for the combination of these chemical ingredients with cut hemp, and hence must stand or fall by that combination. Why he so took it, whether because the patent-office insisted upon his taking his claim in that form, or otherwise, the court is not at present advised. It is enough to say he has so limited himself. The former restraining order is therefore set aside, and the motion for an injunction *pendente lite* is overruled.