## GOLDBERG v. ORLOFF et al.
## SAME v. SHARKEY.

District Court, S. D. New York.
Sept. 16, 1931.

Philip Blumenthal, of New York City (Asher Blum and David J. Moscovitz, both of New York City, of counsel), for plaintiff.

Jeanette E. Kozlowsky, of New York City, for defendants M. Orloff & Sons.

Munn, Anderson, Stanley, Foster & Liddy, of New York City (Albert J. Clark, of New York City, of counsel), for defendant Perforated Pattern Co.

COXE, District Judge.

These are motions to confirm reports of a master in two patent cases involving the Goldberg patent, No. 1,723,729, dated August 6, 1929, for an appliqué fabric. The references were to hear and report, and the master, in each case, has found the patent void for lack of invention; and to adverse findings in that respect the plaintiff has filed exceptions which have been argued simultaneously with the motions to confirm.

In each of the two cases the master has found for the plaintiff on all issues raised by the pleadings other than invention; and in both reports there are identical findings that "no publication or patent of the prior art described a pyroxylin coating for fabrics of the same or substantially the same degree of viscosity as the formula in the patent, or which when used in appliqué left the fabric soft and pliable and without discoloration."

It is further found that "solutions of pyroxylin had been used for many years as coatings for textiles and other articles," and "had been applied as coatings to fabrics to prevent fraying." The conclusion of the master is that it was not invention to use in making appliqué a pyroxylin solution "of a constituency to allow the coated fabric to retain its properties of flexibility, color and texture."

With much of the opinion of the master I am in entire agreement, but I think he has erred in his general conclusion that the patent lacks invention, and I deem it necessary only to indicate briefly the parts of the opinion to which I do not fully subscribe.

1. I think most of the memory testimony of Orenbach, Lieberman, Levinson, Markley, Feinberg, and Armstrong, relating to alleged prior uses, must be disregarded under the authority of Block v. Nathan Anklet Support Co. (C. C. A.) 9 F.(2d) 311; Douglas Pectin Corp. v. Armour & Co. (C. C. A.) 27 F.(2d) 814, and A. B. Dick Co. v. Simplicator Corp. (C. C. A.) 34 F.(2d) 935. This testimony is

largely unsupported by satisfactory corroborative proof, and shows nothing, in my opinion, to discredit the patent.

2. None of the physical exhibits illustrative of the appliqué work of the prior art is fairly comparable in workmanship, appearance, or availability to the appliqué fabric of the patent in suit. This is particularly true of the Orenbach Exhibits D and E, which show a color penetration through the fabric, and considerable fraying of the edges, neither of which is present in the Goldberg appliqué.

3. The Du Pont literature, descriptive of pyroxylin and its use in the manufacture of "Fabrikoid" and "Duco," did not solve the problem facing Goldberg in his efforts to find and devise a method for the application of a satisfactory coating in the production of appliqué fabric.

4. I think it amounted to invention to unite in proper proportions the different ingredients of the Goldberg solution so as to provide a coating of proper viscosity, and then to apply this solution in such a way as to produce rapid evaporation, without discoloration or penetration of the material, leaving the finished fabric soft, pliable, and durable. This was an advance over anything appearing in the prior art, and I do not think it was the result of mere ordinary skill. Concededly, the art is an old one, but, where others have tried and failed, Goldberg succeeded. His contribution, although not a great one, involved invention, and is entitled to recognition.

5. The commercial success of the patented article has not been inconsiderable, although the figures showing sales during the past three years have only attained moderate proportions.

6. I think claims 1 and 2 are invalid as unnecessarily broad; and that there must be read into claims 3 and 4 a qualification that the coating is of a composition as described in the specification. This may be done under the authority of Smokador Mfg. Co. v. Tubular Products Co. (C. C. A.) 31 F.(2d) 255; Novadel Process Corp. v. J. P. Meyer & Co. (C. C. A.) 35 F.(2d) 697.

I therefore sustain the plaintiff's exceptions to the master's findings in both cases that the patent is invalid for lack of invention, and direct the entry of decrees holding claims 1 and 2 invalid as too broad, and claims 3 and 4 valid and infringed. The findings may have to be recast in accordance with this decision, and new findings should be submitted upon presentation of the decree.