## GOLDBERG et al. v. EMBROIDERERS' NEW YORK PAPER CO., Inc., et al.

District Court, S. D. New York.
Dec. 12, 1933.

Warfield & Brown, of New York City (Donald L. Brown, of New York City, of counsel), for plaintiffs.

Henry L. Burkitt, of New York City, for defendants.

WOOLSEY, District Judge.

Both these motions are denied.

I. As to the motion to dismiss the complaint:

On September 16, 1931, this patent was adjudicated, and as to claims 3 and 4, read in connection with the specifications, sustained by Judge Coxe in Goldberg v. Orloff et al., and Goldberg v. Sharkey (D. C.) 1 F. Supp. 928.

Therefrom it follows by necessary implication that it has been decided by another judge of this court that the disclosure of this patent is adequate.

The only possible ground for dismissing the complaint for infirmity on its face is, therefore, not maintainable.

On the question of the nature of the commodity involved in the alleged contributory infringement, which is the second point raised in the motion to dismiss, the parties must also be left to plenary proofs on a trial.

II. On the motion for preliminary injunction we have an issue of contributory infringement which is not affected by the previous adjudication.

The patent, claims 3 and 4, as allowed by Judge Coxe, September 16, 1931, are for articles of manufacture to be manufactured by the use of a pyroxilin composition coating "as described" in the specifications.

Any one who made such an article in such a way would be a direct infringer, but since the patent here involved does not cover the composition, and the elements of the composition are all commodities which are claimed in the defendants' affidavits to be common articles of commerce, this seems to me to be an attempt on the plaintiffs' part, analogous to that described and condemned in Carbice Corporation v. American Patents Corporation, 283 U. S. 27, 33, 51 S. Ct. 334, 75 L. Ed. 819, to extend the monopoly of a patent so as to destroy competition with the patentee in the sale by it of a nonpatented article for use in connection with the manufacture of the articles covered by the patent.

Even if I am wrong in this theory, however, it is furthermore true that plaintiffs have not proved that what the defendants sold was identic in composition with plaintiffs' formula. Putting the case in the best light for the plaintiffs, they have merely shown that an approximately like result to theirs is reached in appliqué to which the composition sold by the defendants is applied. Non constat but that the defendants' composition was so different as to be outside the plaintiffs' formula. Cf. Otley v. Watkins (C. C.) 36 F. 323, 324; Victor Talking Machine Co. v. American Graphophone Co., 151 F. 601, 605, 606 (C. C. A. 2).

Also there are issues of fact as to intent raised which I think should not be dealt with on affidavits.

The moving papers, therefore, do not in my opinion justify the drastic remedy of a preliminary injunction.

Settle order on notice.